UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

Daniel M. Beam,                                          Case No. 5:13-cv-387

                    Petitioner,

v.                                                       **MEMORANDUM AND ORDER**

Secretary, Department of Corrections,
and Florida Attorney General,

                    Respondents.
_____

        This matter is before the Court on a Petition for Writ of Habeas Corpus under 28

U.S.C. § 2254.  For the reasons that follow, the Petition is dismissed with prejudice.

**BACKGROUND**

        In March 2007, a jury in Citrus County, Florida found Petitioner Daniel M. Beam

guilty of one count of sexual battery by threat of force or retaliation and one count of

incest.  The trial court sentenced him to twenty years in prison for sexual battery and a

concurrent sentence of five years for incest, with credit for time served, followed by five

years of sex offender probation.  Beam appealed his convictions.  The Fifth District Court

of Appeal reversed the conviction and sentence for incest and affirmed the conviction and

sentence for sexual battery.  Beam v. State, 1 So. 3d 331 (Fla. Dist. Ct. App. 2009).  On

March 10, 2009, Beam's conviction and sentence were vacated on the incest charge, but

affirmed as to the sexual battery charge.  State v. Beam, No. 2006-CF-1111 (Fla. Cir. Ct.

Dec. 7, 2009). Beam did not appeal from his resentencing, and his conviction became final on April 9, 2009.

On September 3, 2009, Beam filed his first motion for postconviction relief under Fla. R. Crim. P. 3.850 raising eight claims of ineffective counsel and one claim of cumulative error. The trial court summarily denied the motion on December 8, 2009. See id. The Fifth District Court of Appeal per curiam affirmed the summary denial of the motion. Beam v. State, 48 So. 3d 66 (Fla. Dist. Ct. App. 2010).

On December 6, 2010, Beam filed a petition for writ of habeas corpus with the Florida Fifth District Court of Appeal again alleging eight claims of ineffective counsel. This petition was also denied. Beam v. State, No. 10-4146 (Fla. Dist. Ct. App. May 2, 2011). Beam's subsequent motion for rehearing was also denied. Beam v. State, No. 10-4146 (Fla. Dist. Ct. App. June 22, 2011). On December 2, 2010, while Beam's state habeas petition was pending, Beam filed a motion for postconviction relief/writ of habeas corpus with the Fifth Judicial Circuit Court of Florida claiming ineffective assistance of counsel, that the state knowingly used perjured testimony, a lack of subject matter jurisdiction, and cumulative error. The court dismissed his motion without prejudice eight days later, citing the pending action with the state court. State v. Beam, No. 10-4146 (Fla. Cir. Ct. Dec. 10, 2010).

Beam appealed the dismissal of his state petition for writ of habeas corpus. In affirming the dismissal of Beam's motion, the appellate court found the motion "to be procedurally barred as an abusive, successive motion." Beam v. State, 60 So. 3d 1096

(Fla. Dist. Ct. App. 2011) (citing <u>Owen v. Crosby</u>, 854 So. 2d 182 (Fla. 2003); <u>Christopher v. State</u>, 489 So. 2d 22 (Fla. 1986)).

On January 17, 2013, Beam filed a third motion for postconviction relief with the trial court.  In denying his motion, the trial judge specifically found that Beam did not present new evidence.  <u>State v. Beam</u>, No. 2006-CF-1111 (Fla. Cir. Ct. Jan. 28, 2013). The Fifth District Court of Appeal denied Beam's appeal on May 21, 2013, without requiring a response from the State.  <u>Beam v. State</u>, No. 13-501 (Fla. Dist Ct. App. May 21, 2013).

Beam now petitions for federal habeas relief under 28 U.S.C. § 2254, asserting two primary grounds for relief; error by the trial court and ineffective assistance of counsel.  Beam requests a retrial or, in the alternative, a full evidentiary hearing. Respondent argues that Beam's Petition is untimely because the one-year limitations period elapsed in April 2010.

Beam filed a reply brief arguing that the limitations period should be equitably tolled, making his Petition timely.  Beam contends that the limitations period should be tolled because of an alleged miscarriage of justice and his claim of newly discovered evidence showing cause and prejudice due to ineffective assistance of counsel.  In a later filed addendum, Beam also insists that he was convicted of a non-existent crime.

**DISCUSSION**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 et seq., a federal court's "review is greatly circumscribed and is highly deferential to the state courts."  <u>Crawford v. Head</u>, 311 F.3d 1288, 1295 (11th Cir. 2002).

Indeed, AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." <u>Bell v. Cone</u>, 535 U.S. 685, 693 (2002) (citation omitted).  28 U.S.C. § 2254, which applies to persons in custody pursuant to a state-court judgment, provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Further, § 2254 states that "a determination of a factual issue made by a State court shall be presumed to be correct." <u>Id.</u> § 2254(e)(1).  The petitioner must "rebut[] the presumption of correctness by clear and convincing evidence." <u>Id.</u>

**A.      Equitable Tolling**

AEDPA states that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).  "The time during which a properly filed application for State post-conviction . . . review" is "pending shall not be counted" against the 1-year period. 28 U.S.C. § 2244(d)(2).

The Supreme Court has held that "§ 2244(d) is subject to equitable tolling in appropriate cases." <u>Holland v. Florida</u>, 560 U.S. 631, 645 (2010).  A petitioner is entitled

to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.  Id. at 649.

Here, the State contends that the limitations period expired by April 2010.  April 2010 is one year from the date Beam's conviction and sentence became final.  The State concedes that Beam is entitled to tolling of the limitations period for any state collateral petition or motion properly filed during that period.  Because Beam filed several postconviction petitions, the limitations period expired on November 29, 2011.  Beam filed this Petition on August 12, 2013, nearly two years after the limitations period expired.

A review of the record also reveals that Beam is not entitled to equitable tolling under Holland v. Florida.  Although Beam has diligently pursued relief in this matter, he fails to present any extraordinary circumstance that prevented him from timely filing his Petition with this Court.  Rather, Beam argues that an alleged miscarriage of justice and newly discovered evidence showing cause and prejudice due to ineffective assistance of counsel warrant equitable tolling.  Various Florida state courts thoroughly examined these claims and found them to be without merit.  E.g., Beam v. State, No. 10-4146 (Fla. Dist. Ct. App. May 2, 2011); Beam v. State, 60 So. 3d 1096 (Fla. Dist. Ct. App. 2011); State v. Beam, No. 2006-CF-1111 (Fla. Cir. Ct. Jan. 28, 2013).  Accordingly, Beam's claims do not rise to the level of "extraordinary circumstances" as set forth in Holland v. Florida, and the Petition is therefore untimely and must be dismissed.

**B.    Certificate of Appealability**

Beam is required to secure a Certificate of Appealability before appealing the dismissal of this habeas corpus action.  28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1).  This Court cannot grant a Certificate of Appealability unless the prisoner "has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).  The prisoner must establish that the resolution of his constitutional claims "was debatable among jurists of reason."  Lott v. Att'y Gen., Fla., 594 F.3d 1296, 1301 (11th Cir. 2010).

Beam argues that trial court error, newly-discovered evidence, and ineffective assistance of counsel present a substantial showing of a denial of his constitutional rights. Beam has not, however, come forward with any new evidence.  Rather, he asserts the same claim his counsel made during the initial trial, that the victim was eighteen years of age when the incident occurred.  In addition, a review of the record reveals that Beam has not demonstrated that his claims are debatable or that they "deserve encouragement to proceed further."  Miller-El, 537 U.S. at 327.  Therefore, this Court will not grant a Certificate of Appealability on any of Beam's claims.

**CONCLUSION**

Beam's Petition is untimely as it was not submitted within the limitation period.

Accordingly, **IT IS HEREBY ORDERED that**:

1.      The Petition for Writ of Habeas Corpus is **DISMISSED with prejudice**;

2.      A Certificate of Appealability will **NOT** issue; and

3.      The Clerk shall enter judgment accordingly, terminate all remaining deadlines as moot, and close the file.

Dated:  May 3, 2016

                                                   *s/Paul A. Magnuson*
                                                   Paul A. Magnuson
                                                   United States District Court Judge